# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Lawrence Eugene Gomes,
Plaintiff
-vs-
Charles Ryan, et al.,
Defendants.

CV-14-2789-PHX-PGR (JFM)

**Order,
Report & Recommendation**

Under consideration are Plaintiff's Motion for Lien, filed February 26, 2016 (Doc. 332), Motion for Relevant Insurance Agreement and Writ of Execution, filed March 4, 2016 (Doc. 335), [Motion for] Writ of Execution, filed March 4, 2016 (Doc. 336); and [Motion for] Order for Costs, filed March 10, 2016 (Doc. 345).

**Background** – Plaintiff has brought suit against Defendants Ende, Erno, and Nwaohia arising out of allegations that Defendant Nwaohia administered adulterated insulin to Plaintiff, resulting in him contracting hepatitis, and that Defendants Ende and Erno failed to respond appropriately after the incident involving Nwaohia.

On February 11, 2016, the Court granted a final partial default judgment against Defendant Nwaohia in the amount of $25,000.  (Order 2/11/16, Doc. 324; Final Partial Judgment 2/11/16, Doc. 325.)

Litigation with the other Defendants is ongoing.

**Referral** – The undersigned magistrate judge has handled this matter with regard to non-dispositive, pre-trial proceedings under a referral pursuant to 28 U.S.C. § 636(b)(1)(A) (pretrial matters) and Local Civil Rule 72.1(c) (Prisoner Civil Rights Complaints).  The undersigned continues to handle the proceedings against the remaining defendants on that basis.

The post-judgment proceedings under Rule 69 regarding the judgment against

1

Defendant Nwaohia have now been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3) (additional duties) and Local Civil Rule 72.1(b) (Supplementary Proceedings). Although the referral order does not specify, the undersigned construes this referral as permitting a ruling by the undersigned on matters not amounting to an order dispositive of a claim, but requiring a report and recommendation on dispositive matters. *See Columbia Record Productions v. Hot Wax Records, Inc.*, 966 F.2d 515, 516 (9th Cir. 1992) (consent required for magistrate judge to rule on post-judgment matter amounting to a "final order"); *King v. Ionization Int'l, Inc.,* 825 F.2d 1180, 1184–85 (7th Cir.1987) (analyzing distinction between appealable and no-appealable orders as basis for delineating magistrate judge authority over post-judgment proceedings).

**Motion for Judgment Liens** - In his Motion for Lien (Doc. 332), Plaintiff reiterates his claims judgment against Nwaohia and the related underlying facts. He seeks a lien against various assets of Defendant Nwaohia in Lewisville, Texas. In addition he seeks liens against: (1) AB Staffing Solutions LLC, the employer of Defendant Nwaohia; (2) AB Staffing's insurance carrier; (3) the Arizona Department of Administration, Risk Management Division; (4) the insurance carrier for Wexford Health Source, the ADOC contractor who contracted with AB Staffing for Nwaohia's services.

No response has been filed to this motion.

This Court's judgment constitutes a lien on the property of the judgment debtor located in Arizona, to the same extent as an Arizona judgment. 28 U.S.C. § 1962. No lien need be granted by the Court, but state procedures applicable to recordation of the judgment necessary to establish such lien do apply to the judgment. *Id. Cf.* Ariz. Rev. Stat. § 33-964 (judgment lien on real property requires recordation).

However, the Court notes that the only judgment debtor under the Court's Judgment is Defendant Nwaohia. Plaintiff's motion alleges that Defendant Nwaohia and all her assets are located in Lewisville, Texas. Accordingly, this Court's judgment would not establish a lien on property located there. Plaintiff is, of course, not without

remedy. He may "register" this Court's judgment in a federal district court in the state of Texas, and obtain a writ of execution from such court. *See* 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. It appears, for example, that Lewisville, Texas is located in the Sherman Division of the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Room 216, Sherman, Texas 75090.

On the other hand, Plaintiff has not obtained judgments against AB Staffing, Wexford, or the Arizona Department of Administration, nor are they parties to this action. Accordingly, no judgment liens are currently possible against these entities.

Thus, this Court has already done all it can do with respect to a judgment lien based on the default judgment against Defendant Nwaohia, and this motion should be denied as moot.

**Motions for Insurance Agreements and Writs of Execution** – Next under consideration are Plaintiff's "Motion Ordering AB-Staffing Solutions LLC, for Relevant Insurance Agreement on Former Employer [sic] (Nwadiuto Jan Nwaohia) and Writ of Execution" (Doc. 335) and [Motion for] Writ of Execution (Doc. 336), filed March 4, 2016.

In the first motion (Doc. 335), Plaintiff seeks an order directing AB Staffing to notify it insurance carrier of his judgment against Defendant Nwaohia, and directing them to provide the Plaintiff Defendant's date of birth, social security number, next of kin, make of vehicle, drivers license number, and references to assist Plaintiff in pursuing collection from Defendant, as well as information on any applicable insurance coverage. He also seeks insurance coverage information from Wexford Health.

In his second motion (Doc. 336), Plaintiff cites Federal Rule of Civil Procedure 69, notes the history of the case, including Defendant Nwaohia's failure to defend, and (although using the term "writ of execution) asks for discovery of her assets, employment, etc. at her new home in Lewisville, Texas. Plaintiff seeks a subpoena

3

duces tecum to Ms. Nwaohia's landlord to obtain here employment, bank accounts, etc. He requests similar discovery directed to unidentified persons at her prior address in Frisco, Texas. Plaintiff further requests discovery from AB Staffing to obtain information on any insurance coverage applicable to Ms. Nwaohia's liability, whether claims have been made against it, as well as Nwaohia's social security number, and date of birth.

Finally, Plaintiff complains that the undersigned magistrate judge has been prejudiced against Plaintiff in failing to grant leave to amend to name AB Staffing. Plaintiff seeks leave to amend to name AB Staffing as a defendant (as an alternative to discovery on the company's insurance coverage). Because this portion of the motion is in the nature of an objection to an order of the undersigned magistrate judge, the undersigned will make no recommendation with regard to that portion.

<u>Writ of Execution Futile</u> - A "writ of execution" is generally described as "[a] court order directing a sheriff or other officer to enforce a judgment, [usually] by seizing and selling the judgment debtor's property." *Execution*, Black's Law Dictionary (10th ed. 2014).

Assuming Plaintiff truly intends to seek a writ of execution, he fails to establish the utility of obtaining one from this Court. With regard to Defendant Nwaohia, writs of execution issued by this Court (except those in favor of the United States, *see* 28 U.S.C. § 2413) may only be served within the state of Arizona. *See* Fed. R. Civ. Proc. 4.1 ("anywhere within the territorial limits of the state where the district court is located"); 35B C.J.S. Federal Civil Procedure § 1306 (Enforcement of Execution in Another District). Thus, the issuance of a writ of execution against Defendant Nwaohia by this Court would appear to be futile.

Again, Plaintiff is not without remedy. He may "register" this Court's judgment in a federal district court in the state of Texas, and obtain a writ of execution from such court. *See* 28 U.S.C. § 1963.

Plaintiff has not obtained judgments against AB Staffing or Wexford, nor are they

4

parties to this action. Accordingly, no writs of execution may be issued against these entities. Similarly, Plaintiff has not obtained judgments against any of the referenced insurers, and thus may not obtain writs of execution against them.

Plaintiff may be able to recover from a liable insurer, but that is accomplished through a form of execution known as a writ of garnishment. *See Grenada Bank v. Willey,* 694 F.2d 85, 87 (5th Cir. 1982) (writ of garnishment permitted under portion of Rule 69 incorporating state procedures for execution of judgment). However, Plaintiff has yet to identify any specific garnishees on which service may be directed. *See* Ariz. Rev. Stat. § 12-1572 (application must include garnishee's address) and 12-1574 (writ of garnishment must specify name and address of garnishee).

Accordingly, the undersigned will recommend that the Court deny without prejudice the portion of these motions seeking writs of execution or writs of garnishment.

<u>Subpoenas Duces Tecum</u> – At the heart of these motions, Plaintiff seeks to serve subpoenas duces tecum to secure information from Defendant Nwaohia, and third parties AB Staffing and Wexford Health and Defendant's landlords, etc. to assist Plaintiff in locating assets upon which he can execute.

Rule 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."

Thus, the Court would be inclined to issue subpoenas duces tecum to permit Plaintiff to obtain information in aid of executing on his judgment. However, Plaintiff has not provided the Court with any proposed forms of subpoenas.

The Court is concerned about the proposal to provide Plaintiff, a prisoner, with a social security number and/or date of birth for Defendant Nwaohia without some specific, proper, intended use. Ordinarily, such information would be utilized to locate a judgment debtor. But Plaintiff has already located Defendant Nwaohia.

Plaintiff proposes a subpoena directed to Defendant's prior address in Frisco, Texas. Subpoenas must be directed to a "person" or "organization", and may not simply be directed at an address. *See* Fed. R. Civ. Proc. 30(b)(6) (subpoena directed to organizations), and 45(a)(1)(A)(iii) (command directed to person).

Finally, the Court also observes that a subpoena for a deposition of Defendant Nwaohia might be considered to allow Plaintiff to question Defendant about potential assets, income, etc. However, Rule 45(c)(1) limits the depositions of parties to the state of their residence. *Cf.* Ariz. Rev. Stat. § 12-1631 (judgment debtor examination limited to county of debtor's residence). Moreover, Plaintiff proffers nothing to suggest his ability to arrange for the conduct of such a deposition.

Accordingly, the Court will deny without prejudice the portions of these motions seeking subpoenas. Any renewed motions for subpoenas duces tecum should be accompanied with a proposed form of subpoena duces tecum, including names and addresses for service, documents to be produced, etc., and directing service of a response within 30 days of the date of service.

**Motion for Costs** – Plaintiff has also filed a [Motion for] Order for Costs, filed (Doc. 345). Although briefing on the motion is not complete, the Court finds further briefing unnecessary to a fair adjudication of the motion.

Citing Federal Rule of Civil Procedure 54(d)(1), Plaintiff purports to seek costs in the amount of $745.88 "for postage, medications relevant to the injuries caused by Nwaohia, and other legal materials." Plaintiff seeks to recover these costs from the Arizona Department of Corrections or Arizona Risk Management.

Rule 54(d)(1) permits the Clerk of the Court to tax costs (other than attorneys fees) on 14 days' notice. However, this rule applies only to the taxation of costs against losing parties. *See e.g. Levine v. Berman*, 178 F.2d 440, 445 (7th Cir. 1949) ("Ordinarily, of course, costs are taxed against the losing and not the prevailing party."). Neither the Arizona Department of Corrections nor the state's Risk Management division are parties to this action. Accordingly, no costs may be assessed against them.

6

Moreover, Plaintiff's filing is insufficient to permit the taxation of costs against Defendant Nwaohia.  Local Civil Rule 54.1(a) provides:

> **(a) Procedure for Filing Bill of Costs.** Costs shall be taxed as provided in Rule 54(d), Federal Rules of Civil Procedure. A party entitled to costs shall, within fourteen (14) days after the entry of final judgment, unless time is extended under Rule 6(b), Federal Rules of Civil Procedure, file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk. This bill of costs shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached. The bill of costs shall be verified by a person acquainted therewith.

Plaintiff's filing is delinquent.  Judgment was entered on February 11, 2016 (Doc. 325).  The instant filing was not filed until almost one month later, on March 10, 2016, and is dated March 3, 2016.  Plaintiff has neither sought nor obtained an extension of time.

Moreover, there is no itemization of the costs claimed.  Plaintiff does attach an inmate statement and a tally of some $274 in costs.  But the balance is not itemized.

Nor has Plaintiff utilized the approved form, AO 133, available on the Court's website at http://www.azd.uscourts.gov/forms.

Nor has Plaintiff verified his requests.

Finally, apparently at least some portion of the claimed costs appear to be for medications.  Plaintiff provides no authority for the taxation of such expenses as costs.

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Similarly, Local Civil Rule 54.1(e) limits awards of costs to: (1) Clerk's Fees and Service Fees; (2) Fees Incident to Transcripts; (3) Deposition Costs; (4)

Witness Fees, Mileage and Subsistence; (5) Exemplification and Copies of Papers; (6) Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries; (7) Interpreter Fees; (8) Docket Fees; (9) Fees paid in Removed Cases; and (10) "Other items may be taxed with prior Court approval."

Although the Court has some discretion in taxing costs, Plaintiff's claimed medication costs are not in the nature of a cost of litigation, but a damage which would be subsumed in the judgment already awarded.

Accordingly, this motion should be denied.

## ORDERS

**IT IS THEREFORE ORDERED** that to the extent it seeks the issuance and service of subpoenas duces tecum, Plaintiff's Motion for Relevant Insurance Agreement and Writ of Execution, filed March 4, 2016 (Doc. 335) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that to the extent it seeks the issuance and service of subpoenas duces tecum, Plaintiff's [Motion for] Writ of Execution, filed March 4, 2016 (Doc. 336) is **DENIED WITHOUT PREJUDICE**.

## RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Lien, filed February 26, 2016 (Doc. 332) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that to the extent it seeks the issuance and service of a writ of execution, Plaintiff's Motion for Relevant Insurance Agreement and Writ of Execution, filed March 4, 2016 (Doc. 335) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that to the extent it seeks the issuance and service of a writ of execution, Plaintiff's [Motion for] Writ of Execution, filed March 4, 2016 (Doc. 336) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's [Motion for] Order for Costs, filed (Doc. 345) be **DENIED**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 23, 2016

James F. Metcalf
United States Magistrate Judge

14-2789-332o Order 16 03 18 on Motion for Lien.docx