**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Eugene Gomes,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Defendants. | No. CV-14-02789-PHX-PGR (JFM)<br><br>ORDER |

      Pending before the Court is the Order, Report and Recommendation (Doc. 361) of Magistrate Judge Metcalf, which the Court has reviewed *de novo* in light of the Plaintiff's Objection to Order, Report and Recommendation and Motion to Reconsider (Doc. 377), as well as the plaintiff's Motion and Exhibit (Doc. 382), which the Court construes as a supplement to his objections to the Report and Recommendation.

      At issue are various post-judgment motions filed by the plaintiff (Docs. 332, 335, 336, and 345) related to his efforts to collect on the $25,000 default judgment entered against defendant Nwaohia. As an initial matter, the Court concludes that the plaintiff's objections related to his belief that Magistrate Judge Metcalf had no authority to issue his Order, Report and Recommendation are meritless. In its Order

(Doc. 353), entered on March 18, 2016, the Court referred this matter to the Magistrate Judge "for all proceedings pursuant to Federal Rule of Civil Procedure 69 and all post-judgment proceedings which relate to the judgment against Nwaohia." Magistrate Judge Metcalf's Order, Report and Recommendation clearly falls within his delegated authority.[1]

In his first motion at issue (Doc. 332), the plaintiff sought orders placing a lien against the assets of defendant Nwaohia in Texas, a $25,000 lien against non-party AB-Staffing Solution LLC ("AB Staffing"), Nwaohia's employer, a $25,000 lien against the non-party insurance carrier for AB Staffing, and a $25,000 lien against non-party Arizona Department of Administration, Risk Management Division. The Court concludes that the Magistrate Judge correctly determined that the Court's default judgment does not establish a judgment lien on Nwaohia's assets in Texas and that he correctly advised the plaintiff that his proper recourse would be to register the judgment with the proper federal district court in Texas and then obtain a writ of execution from that court. The Court also concludes that the Magistrate Judge properly determined that no judgment liens could be issued against the other entities because they are non-parties to which the default judgment does not apply.

In his second motion and third motions at issue (Docs. 335 and 336), the plaintiff seeks to have the Court issue an order or writ of execution to AB Staffing for it to (1) disclose Nwaohia's date of birth, Social Security number, driver's license

---

[1] Because the Court has properly referred this action to Magistrate Judge Metcalf pursuant to LRCiv. 72.1(a) and (b), and because the plaintiff has not shown any bias or prejudice by Magistrate Judge Metcalf sufficient for his disqualification from this action as required by 28 U.S.C. § 144 or § 455, the Court will not revoke the referral as requested by the plaintiff in his motion (Doc. 354) requesting that the undersigned Judge resolve all of his motions.

number, and the names, addresses, occupations, and relationship to Nwaohia of three credible sources who vouched for Nwaohia as part of AB Staffing's hiring process, and (2) notify its insurance carrier to disclose to the plaintiff its relevant insurance agreement related to Nwaohia's employment. The plaintiff also seeks to have the Court issue a writ of execution to Nwaohia seeking discovery of all of her assets, including her vehicles, her employment, her bonds and bank accounts, and her credit cards, and a subpoena duces tecum to the manager of Nwaohia's condominium in Texas for it to disclose Nwaohia's place of employment, her bank account, and her vehicle's make, color, and plate number, as well as a subpoena directed to Nwaohia's prior Texas address.

The Magistrate Judge, under his delegated authority, denied both motions without prejudice to the extent they sought the issuance and service of subpoenas duces tecum because the plaintiff (as of the time of the entry of the Order, Report and Recommendation) had not provided the Court with properly completed forms for the requested subpoenas. To the extent that the plaintiff, through his objections to the Report and Recommendation, is seeking reconsideration of that order by an appeal to the undersigned Judge, the Court concludes that the motion must be denied because the Magistrate Judge's order was not clearly erroneous or contrary to law.

As to the portions of both motions seeking the issuance and service of writs of execution or writs of garnishment, the Court concludes that the Magistrate Judge correctly determined in his Report and Recommendation that the motions should be denied because the Court cannot issue a writ of execution against Nwaohia in Texas or against any non-party to this action, and that the plaintiff had not (as of the time of the Report and Recommendation) properly provided the Court with the information

needed for any writs of garnishment.

In his fourth motion at issue (Doc. 345), the plaintiff seeks an order for $745.88 in costs against the Arizona Department of Administration's Risk Management Liability Section pursuant to Fed.R.Civ.P. 54(d)(1). The Court concludes that the Magistrate Judge properly determined that the plaintiff's motion should be denied because the State of Arizona's Risk Management division is not a party to this action, the plaintiff's filing was not on a proper form and did not include all necessary information, and because the costs for which the plaintiff seeks reimbursement are not taxable costs. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 361) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the plaintiff's Motion to Honorable Judge Paul G. Rosenblatt for a Order/Lean [sic] and Demand Against Defendant (Nwaohia) Accets [sic], and the Following Liable Party Insurance Carriers (Doc. 332) is denied.

IT IS FURTHER ORDERED that the remaining portion of the plaintiff's Motion Ordering AB-Staffing Solutions LLC, for Relevant Insurance Agreement, on Former Employer [sic] (Nwadiuto Jane Nwaohia) and Writ of Execution (Doc. 335) is denied without prejudice.

IT IS FURTHER ORDERED that the remaining portion of the plaintiff's [Motion for] Writ of Execution Against (Nwaohia) to Secure Judgment in the Amount of $25,000 (Doc. 336) is denied without prejudice.

IT IS FURTHER ORDERED that the plaintiff's [Motion for] Order for Costs Other Than Attorney's Fee for $745.88 (Doc. 345) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion that the Clerk Stop Peice Mail [sic] my Motions and Set Every Motion I Have Before the Honorable Paul G.

Rosenblatt for Review to Prevent Further Prejudice (Doc. 354) is denied.

IT IS FURTHER ORDERED that the plaintiff's Motion to Reconsider (part of Doc. 377) is denied.

DATED this 23rd day of September, 2016.

_____
Paul G. Rosenblatt
United States District Judge